```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

CARLOS MARCELO NALERIO MORALES     :

   v.                              :   Civil Action No. DKC 22-2507

LS CARPENTRY LLC, et al.            :

**MEMORANDUM OPINION**

Plaintiff and Coakley and Williams Construction Inc. ("CWC") filed a joint motion seeking approval of the parties' settlement agreement on June 23, 2023. (ECF No. 33). The agreement provides that, upon court approval, J. Suss Industries Inc. ("JSI")[1] will pay Plaintiff Carlos Marcelo Nalerio Morales ("Plaintiff") $13,596 representing Plaintiff's wages and liquidated damages arising from his work on the Maryland Job and a separate job in Virginia within seven (7) days. (ECF No. 33-1, at 1, 2). JSI also agrees to pay Plaintiff's reasonable attorneys' fees and costs and, if they can reach an agreement, it will be submitted for approval separately. In the event the parties cannot reach agreement, the parties propose a briefing schedule. The issues have been briefed and no hearing is necessary. Local Rule 105.6. Because the proposed

---

[1] JSI is not a named defendant, but was a subcontractor to CWC.

settlement agreement represents a fair and reasonable resolution of a *bona fide* FLSA dispute, the settlement will be approved.

**I.   Background**

Plaintiff filed this action on September 30, 2022, against LS Carpentry LLC, Sheldon Dunn, and CWC alleging: (1) violations of the Fair Labor Standards Act ("FLSA"); (2) violations of the Maryland Wage and Hour Law ("MWHL"); and (3) violations of the Maryland Wage Payment and Collection Law ("MWPCL").[2] (ECF No. 1). According to Plaintiff's complaint, Defendants LS Carpentry LLC and Sheldon Dunn hired Plaintiff as a carpenter for $24/hour from approximately September 19, 2021, to May 31, 2022, working on the "Hotel Project" in Bethesda, Maryland. Defendant CWC was the general contractor on the Hotel Project. Plaintiff alleges that he worked more than 40 hours a week regularly and, in some weeks, worked as much as 60 to 65 hours. Defendants LS Carpentry LLC and Sheldon Dunn did not pay him for his time over 40 hours per week. As a result, Plaintiff seeks the entry of a judgment in his favor against LS Carpentry LLC and Sheldon Dunn, jointly and severally,

---

[2] Plaintiff also filed an action for wages, attorneys' fees and costs in the Superior Court for the District of Columbia, Case No. 2022-CA-003529 B. The parties refer to that case as the "DC Wage Case." The settlement in this case does not resolve the DC Wage Case.

based on violations of the MWHL and MWPCL and the entry of a judgment against CWC for alleged violations of the MWPCL in the amount of his unpaid and withheld overtime wages, plus an equivalent amount as liquidated damages.

**II. Analysis**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). Under the first exception, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores,*

*Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Duprey v. Scotts Co.*, 30 F.Supp.3d 404, 407 (D.Md. 2014).

Although the United States Court of Appeals for the Fourth Circuit has not directly addressed the factors to be considered in deciding whether to approve such settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g.*, *Duprey*, 30 F.Supp.3d at 407-08; *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. Thus, as a first step, the *bona fides* of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Id.* at 1354. Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel . . .; and (6) the probability of plaintiffs' success

>    on the merits and the amount of the settlement
>    in relation to the potential recovery.

*Hackett v. ADF Restaurant Invs.*, 259 F.Supp.3d 360, 365 (D.Md. 2016) (quoting *Saman v. LBDP, Inc.*, DKC-12-1083, 2013 WL 2949047, at *3 (D.Md. June 13, 2013); *see also Duprey*, 30 F.Supp.3d at 408, 409.

    A.   *Bona Fide* Dispute

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F.Supp.3d at 408. In the complaint, Plaintiff alleged that Defendants failed to pay him for work over 40 hours per week. Defendant CWC filed an Answer to Plaintiff's complaint denying any liability (ECF No. 12). Defendants LS Carpentry LLC and Sheldon Dunn did not respond to Plaintiff's complaint and, as a result, the court directed the Clerk to enter default as to both on April 4, 2023 (ECF Nos. 20, 21). The parties' proposed settlement agreement states that JSI was a subcontractor to CWC on the Maryland Project. Although JSI is not a defendant in this case, it also denies any liability. Defendants' denials and the parties' overall disagreement indicates the presence of a *bonda fide* dispute.

    **B.**    **Fairness & Reasonableness**

Upon review of the parties' submissions and after considering the relevant factors, the agreement appears to be a fair and reasonable compromise of the parties' *bona fide* dispute. Both Plaintiff and Defendants are represented by lawyers with many years of experience. The parties participated in "settlement discussions, which resulted in a Settlement Agreement being executed by all the Parties." (ECF No. 33, p. 3). Thus, the parties have had sufficient opportunity to obtain additional evidence through informal discovery, evaluate their claims and defenses, and conclude that, based in part on desires to avoid a lengthy and costly litigation process, settlement is the most appropriate resolution. Moreover, there is no evidence that the agreement is the product of fraud or collusion.

The settlement amount also appears to be fair and reasonable. In his complaint, Plaintiff stated that he was unable to calculate his damages as he did not possess the time and payroll records. (ECF No. 1, p. 5). In the parties' joint motion to approve the settlement agreement, Plaintiff alleges that he is owed approximately $4,500 in overtime and unpaid wages. (ECF No. 33, p. 2). Thus, the total settlement amount of $13,596 is treble the

amount of unpaid wages sought by Plaintiff and constitutes a fair and reasonable resolution of his disputed claims.

### III. Conclusion

For the foregoing reasons, the joint motion for approval of settlement agreement will be granted. A separate order will follow.

```
                           /s/
              DEBORAH K. CHASANOW
              United States District Judge
```