```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

CARLOS MARCELO NALERIO MORALES     :

                                   :

   v.                              :   Civil Action No. DKC 22-2507

                                   :

LS CARPENTRY LLC, et al.           :

                                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is an unopposed request and supplement for attorney's fees and costs. (ECF Nos. 37, 39). The court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Plaintiff's request for attorney's fees and costs will be granted.

**I.   Background**

Additional background can be found in the memorandum opinion issued June 26, 2023. (ECF No. 34). The joint motion seeking approval of the parties' settlement agreement filed by Plaintiff and Coakley and Williams Construction Inc. ("CWC") was granted on June 26, 2023. The court determined that the parties' settlement was a reasonable and fair compromise of Plaintiff's FLSA claims. (ECF No. 35). The issue of Plaintiff's attorneys' fees and costs was left for resolution at a later date – either by motion or agreement of the parties.

Plaintiff and CWC submitted a status report on August 11, 2023, advising that a settlement was reached with respect to Plaintiff's attorneys' fees and costs. (ECF No. 36). Plaintiff and CWC filed a supplement asking the court to approve Plaintiff's attorneys' fees and costs on August 16, 2023, in accordance with the parties' agreement. (ECF No. 37). The court issued an Order providing Plaintiff time to supplement with additional support for expenses and itemized time records on September 5, 2023. Plaintiff filed the requested supplement on September 26, 2023. (ECF No. 39).

## II. Standard of Review

In any action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory. "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). The MWHL also allows for the recovery of attorney's fees and costs. *See* Md. Code Ann., Lab. & Empl. § 3-427.

"The proper calculation of an attorney's fee award involves a three-step process. First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). "After calculating the lodestar amount, the Court must then 'subtract fees for hours spent on unsuccessful claims unrelated to successful ones' and then award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *McAfee*, 738 F.3d at 88 (quoting *Robinson*, 560 F.3d at 244)." *Castillo Pacheco v. Mezeh-St. Mary's LLC*, No. CV TDC-21-2521, 2023 WL 5411071, at *4 (D. Md. Aug. 22, 2023).

In assessing reasonableness, the Fourth Circuit has instructed district courts to consider what are known as the *Johnson* factors, which are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount

in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Id.* at 88 n.5 (citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The Fourth Circuit has noted that a district court's determination of attorney's fees should stand unless the district court abused its discretion by reaching a decision that is "'clearly wrong' or committing an 'error of law.'" *Id.* at 88 (quoting *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

**III. Analysis**

    **A. Attorneys' Fees**

"[T]he burden rests with the fee applicant to establish the reasonableness of a requested rate." *Robinson*, 560 F.3d at 244 (quoting *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990)). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award," including, for example, "affidavits of other local lawyers who are familiar both with the skills of the fee applicants

4

and more generally with the type of work in the relevant community." *Id.* at 244, 245 (internal quotation marks omitted). The Local Rules provide non-binding guidelines regarding reasonable hourly rates that vary depending on how long an attorney has been admitted to the bar. Local Rules, App'x B.[1] Plaintiff requests the following rates for attorneys who worked on this case:

- Omar Vincent Melehy: $625 (over 20 years' experience)
- Suvita Melehy: $575 (over 20 years' experience)
- Andrew Balashov: $350 (7 years' experience)
- Paralegals and law clerks: $180

(ECF No. 39 at 5). Counsel for Plaintiff asserts that the charged rates are reasonable and that the rates found in Appendix B of this court's Local Rules do not account adequately for the attorneys' value in the marketplace. (*Id.*). Declarations from Omar Melehy and Suvita Melehy were submitted to support the reasonableness of the requested hourly rates. (ECF Nos. 39-3, 39-4).

---

[1] The Local Rules put forth the following guidelines: $150-$225 for lawyers admitted to the bar less than five years; $165-$300 for lawyers admitted for five to eight years; $225-$350 for lawyers admitted for nine to fourteen years; $275-$425 for lawyers admitted for fifteen to nineteen years; and $300-$475 for lawyers admitted for twenty years or more. The rate for paralegals and law clerks is $95-$150.

Plaintiff seeks approval of $16,504 in attorneys' fees. The fees are for more than 58 hours of work by attorneys, paralegals, and paraprofessionals. Those hours appear reasonable. As noted above, the hourly rates proposed are in excess of those suggested in this court's Local Rules and would result in a lodestar of $26,200. When calculated instead using the high end of the guidelines, the lodestar is approximately $22,000. The settlement amount is still lower than that lodestar. There are no unsuccessful claims for which to account. In addition, "[i]t is not uncommon for an attorneys' fee award in an FLSA case to be substantially larger than a plaintiff's recovery, especially given the purpose of the FLSA attorney fee-shifting provision to encourage attorneys to take these kinds of cases despite small potentials for recovery. *See Castel v. Advantis Real Est. Servs. Co.*, No. 2:07CV435, 2008 WL 3348774, at *5 (E.D.Va. Aug. 8, 2008)." *Johnson v. Helion Techs., Inc.*, No. CV DKC 18-3276, 2023 WL 2478860, at *12 (D. Md. Mar. 13, 2023). Accordingly, the fees requested will be approved.

**B.   Costs**

Plaintiffs seek to recover $501.23[2] in costs.  In support of their request, Plaintiffs provide an itemized list detailing each cost (ECF No. 39-2).

> [T]he Fourth Circuit has held that district courts have discretion to determine the costs that will be assessed against losing defendants in FLSA cases. *Roy v. Cnty. Of Lexington, S.C.*, 141 F.3d 533, 549 (4th Cir. 1998). . . .  [C]osts charged to losing defendants may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).  Types of costs charged to losing defendants include "necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying." *Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2010 WL 3385362, at *7 (D.Md. Aug. 25, 2010).

*Andrade*, 852 F.Supp.2d at 644.  The requested costs are clear, reasonable, and will be awarded in their entirety:  a $402 filing fee, $73.40 for photocopies, and $35.43 in postage. Accordingly, the costs sought will be approved.

---

[2] Plaintiff's supplemental memorandum for attorneys' fees and costs and second supplement requests $501.23 in costs (ECF No. 39 at 2).  However, the "record of costs" submitted supporting Plaintiff's request (ECF No. 39-2 at 1) indicates Plaintiff's attorneys incurred total costs of $510.83.

**IV. Conclusion**

For the foregoing reasons, the supplemental motion for approval of the settlement of Plaintiff's attorney's fees and costs, as supplemented, will be granted. A separate order will follow.

>          /s/
> DEBORAH K. CHASANOW
> United States District Judge